J-A29011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVON CECIL SMITH | : | |
| | : | |
| Appellant | : | No. 630 WDA 2025 |

Appeal from the PCRA Order Entered May 5, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014857-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVON CECIL SMITH | : | |
| | : | |
| Appellant | : | No. 662 WDA 2025 |

Appeal from the PCRA Order Entered May 13, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015047-2000

BEFORE: OLSON, J., DUBOW, J., and BENDER, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: **FILED: December 8, 2025**

In this consolidated appeal, Appellant, Lavon Cecil Smith, appeals *pro se* from the May 13, 2025 order in which the PCRA court dismissed as untimely his seventh petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-46.

The underlying facts of this case are not relevant to the instant appeal. Briefly, on May 14, 2002, the trial court sentenced Appellant on two docket numbers to an aggregate term of life plus 20 to 40 years of incarceration following his conviction of First-Degree Murder, Attempted Murder, and Aggravated Assault for stabbing his wife and daughter. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on June 23, 2004. *Commonwealth v. Smith*, 847 A.2d 761 (Pa. Super. 2004) (unpublished decision), *appeal denied* 853 A.2d 361 (Pa. 2004). Appellant subsequently filed six unsuccessful PCRA petitions.

On December 8, 2024, Appellant filed the instant PCRA petition. On May 5, 2025, the PCRA court dismissed the petition as time-barred. This *pro se* appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. The "plain view," material evidence discovered outside any rules or statutes in the Pennsylvania rules of court, attacking the rights by signature for a jury and rights to a "full adjudication," are clear violations of the "Eig[h]th Amendment," cruel and unusual punishment.

2. The "plain view," newly/after discovered evidence shows treatment of being (3) three-fifths human.

Appellant's Br. at 2 (unpaginated) (capitalization altered and emphasis omitted).

We review the denial of a PCRA petition to determine whether the record supports the court's determination and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This

Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

Initially, we reiterate that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citations omitted). Appellant's PCRA petition, filed over 21 years after his sentence became final, is facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar: the government interference, newly-discovered fact, and new constitutional right exceptions. 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. ***Id.*** at § 9545(b)(2).

Here, Appellant's brief fails to make any coherent argument relating to the exceptions to the PCRA's time-bar and his brief is devoid of any citations to the record or relevant controlling case law.[2] ***See*** Appellant's Br. at 1-4.

_____

[2] "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant."
*(Footnote Continued Next Page)*

- 3 -

"This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). Accordingly, we find Appellant's seventh PCRA petition time-barred and affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>12/08/2025</u>

---

**Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003). A *pro se* litigant must comply with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa. Super. 2014); **see** Pa.R.A.P. 2111, 2114-2119 (briefing rules).